**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                    **4:03-CR-00221-01-WRW**

**ERICA M. DUNBAR**

## ORDER

Pending are Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 60), Motion to Proceed *In Forma Pauperis* (Doc. No. 61), and Motion to Transfer Defendant Between Prisons (Doc. No. 62).

**I.     BACKGROUND**

Following a supervised release revocation hearing held on August 17, 2007 and August 22, 2007, Defendant was sentenced to 12 months in prison and $31,306.06 in restitution. Defendant appealed the 12 month supervised release revocation sentence, but voluntarily dismissed the appeal on November 2, 2007.[1]

In her § 2255 Motion, Plaintiff asserts violations of due process and equal protections because "[t]he 8th Circuit ruled that all prisoners sentenced under the 8th Circuit should receive 6 months half-way house placement or at the very least be reviewed based on an individual case by case basis."[2] Defendant contends that because she is serving her time in Texas, she has "been denied individual review based on 18 U.S.C. § 3621(b)."[3]

---

[1] Doc. No. 57.

[2] Doc. No. 60.

[3] *Id.*

1

**II.     DISCUSSION**

A § 2255 motion is a procedure a federal prisoner can use to "collaterally attack the validity of [her] conviction in the sentencing court."[4]  Here, Plaintiff is attacking the execution of her sentence, which must be brought under 28 U.S.C. § 2241.  This Court lack jurisdiction to consider the motion under either § 2255 or § 2241.[5]

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 60) is DENIED for want of jurisdiction.  Defendant's Motion to Proceed *In Forma Pauperis* (Doc. No. 61) and Motion to Transfer Defendant Between Prisons (Doc. No. 62) are DENIED as MOOT.

IT IS SO ORDERED this 1st day of April, 2008.

/s/ Wm. R. Wilson, Jr.\
UNITED STATES DISTRICT JUDGE

---

[4] *U.S. v. Hayman*, 342 U.S. 205, 215 (1952).

[5] See *U.S. v. Gleason*, 753 F.2d 83, 85 (8th Cir. 1985) (Holding that district court lacked jurisdiction to consider improperly filed § 2255 motion under § 2241 since the motion was not filed in the district where the prisoner was confined.).